UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
                                          :
**REGINALD FAYTON,**                      :
                                          :
          **Petitioner,**                 :          **OPINION AND ORDER**
                                          :
          **- against -**                 :          **06 Civ. 3685 (SAS)**
                                          :
**WILLIAM J. CONNOLLY,**                  :
                                          :
          **Respondent.**                 :
-------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.    INTRODUCTION**

> Reginald Fayton, proceeding pro se, brings this petition for a writ of
habeas corpus pursuant to section 2254 of Title 28 of the United States Code
("section 2254"). Fayton seeks release from custody following his conviction in
early 2002 in the Supreme Court of New York, New York County. Fayton asserts
six separate grounds for relief: (1) ineffective assistance of trial counsel; (2)
ineffective assistance of appellate counsel; (3) denial of an allegedly meritorious
pre-trial motion; (4) improper jury instruction; (5) introduction of false evidence at
trial; and (6) prosecutorial misconduct.[1] For the reasons set forth below, Fayton's

---

[1]    *See* Petition for Writ of Habeas Corpus ("Petition") ¶ 13.

motion is denied.

## II.    BACKGROUND

### A.    Offense Conduct

On October 26, 2000, Officer Joseph Sobolewski and Detective Mark Teta stopped their unmarked cruiser to issue a summons to a double-parked car. When Detective Teta approached Fayton and two companions to ask who owned the vehicle, Fayton hastened toward the car and entered through the driver's side door. Officer Sobolewski observed Fayton lean forward and attempt to push a silver gun underneath the driver's seat. Officer Sobolewski ordered Fayton out of the vehicle and led him toward Detective Teta. Detective Teta promptly handcuffed Fayton and conducted a routine pat-down. Detective Teta discovered that Fayton was wearing a bulletproof vest while Officer Sobolewski retrieved a loaded gun from the vehicle.

### B.    Procedural History

#### 1.    Pre-Trial Proceedings and Trial

An Indictment filed in August 2001 charged Fayton with three counts: Criminal Possession of a Weapon in the Second Degree (New York Penal Law ("Penal Law") section 265.03(2)), Criminal Possession of a Weapon in the Third Degree (Penal Law section 265.02(4)), and Unlawful Wearing of a Body

2

Vest (Penal Law section 270.20).[2]

On October 15, 2001, Fayton filed a motion to dismiss the Indictment, alleging a violation of New York Criminal Procedure Law section 30.30 ("section 30.30"), New York's trial readiness statute.[3] The prosecution opposed Fayton's motion, arguing that Fayton had consented to an adjournment from November 22, 2000 to February 28, 2001, to explore the possibility of negotiating a cooperation agreement.[4] Fayton's trial counsel, Norman Williams, did not submit a response to the People's affirmation. On November 7, 2001, the court denied Fayton's section 30.30 motion.[5] That same day, Williams submitted a response denying the factual assertions made in the People's affirmation and arguing that Fayton had not consented to an adjournment for the disputed period.[6]

---

[2]     *See* Brief for Defendant-Appellant ("Petitioner's Appellate Brief"), Ex. G to 3/26/08 Declaration of Lisa Fleischmann, Assistant Attorney General of the State of New York ("Fleischmann Dec."), at 2.

[3]     *See* Defendant's Notice of Section 30.30 Motion, Ex. A to Fleischmann Dec., at 1.

[4]     *See* Decision and Order dated November 27, 2001 (citing People's Affirmation In Opposition to Defendant's Motion), Ex. B to Fleischmann Dec., at 2.

[5]     *See* id.

[6]     *See* Affirmation in Response to the Defendant's Reply (citing Defendant's Response), Ex. D to Fleischmann Dec., at 1.

3

On January 8, 2002, the court ruled that Williams' submission was untimely and upheld its decision to dismiss the section 30.30 motion.[7]

At trial, Fayton was convicted on all three counts.[8] He was sentenced to a term of ten years imprisonment for the second-degree possession count, and one year each for the third-degree possession and body vest counts, all to run concurrently.[9]

## 2. Direct Appeal

Fayton appealed his conviction to the Appellate Division, arguing that the trial court had erred in denying his section 30.30 motion without conducting a hearing and had abused its discretion by refusing to grant his request for an adjournment to locate a defense witness.[10] The Appellate Division unanimously affirmed Fayton's conviction, holding that his section 30.30 claim was unreviewable because he had failed to provide a transcript of the relevant minutes and that the lower court had not abused its discretion in denying Fayton's

---

[7]  *See* Decision and Order dated January 8, 2001, Ex. E to Fleischmann Dec.

[8]  *See* Petition ¶ 5.

[9]  *See* Petitioner's Appellate Brief at 1.

[10]  *See* id. at 20, 30.

4

request for an adjournment.[11]  Fayton sought leave to appeal to the New York

Court of Appeals,[12] which was denied on May 19, 2004.[13]

### 3.     Petition for Writ of Error Coram Nobis

On February 25, 2005, Fayton filed a pro se petition for a writ of error

coram nobis in the Appellate Division, asserting ineffective assistance of appellate

counsel.[14]  The Appellate Division denied Fayton's application on June 14,

2005.[15]  Fayton again sought leave to appeal to the Court of Appeals, which was

denied on August 16, 2005.[16]

### 4.     Motion to Vacate Judgment

On October 5, 2005, Fayton filed a pro se motion to vacate judgment

---

[11]      *See* Decision and Order dated February 10, 2004, Ex. I to
Fleischmann Dec.

[12]      *See* Petitioner's Application for Leave to Appeal to the New York
Court of Appeals, Ex. J to Fleischmann Dec.

[13]      *See* Certificate Denying Leave to Appeal dated May 19, 2004, Ex. L
to Fleischmann Dec.

[14]      *See* People's Affirmation in Opposition to Petitioner's Motion for a
Writ of Coram Nobis ("Coram Nobis Opp. Aff."), Ex. M to Fleischmann Dec., at
4-7.

[15]      *See* Decision and Order dated June 14, 2005, Ex. N to Fleischmann
Dec.

[16]      *See* Certificate Denying Leave to Appeal dated August 16, 2005, Ex.
O to Fleischmann Dec.

5

in the trial court.[17]  Fayton alleged ineffective assistance of trial counsel for: (1)

failing to file a timely reply to the People's affirmation; (2) failing to secure the

presence of a defense witness; (3) failing to properly investigate and present a

defense; and (4) failing to object to a jury instruction regarding presumption.[18]  On

April 10, 2006, the trial court denied Fayton's motion to vacate judgment but

granted Fayton leave to renew his claim of ineffective assistance of trial counsel.[19]

On June 8, 2006, Fayton filed an application for leave to appeal to the

Appellate Division.[20]  The Appellate Division denied the application on August

24, 2006,[21] and Fayton again sought leave to appeal to the New York Court of

---

[17]     *See* Petitioner's Motion to Vacate Judgment ("Motion to Vacate
Judgment"), Ex. P to Fleischmann Dec.

[18]     *See id.*  In his petition, Fayton states that he raised several additional
claims: (1) violation of section 30.30; (2) improper jury instruction; (3)
introduction of false evidence at trial; and (4) prosecutorial misconduct.  *See*
Petition ¶ 12(B)(4).  In fact, these additional claims were not independently raised,
but were asserted as grounds for his ineffective assistance of counsel claim.

[19]     *See* Decision and Order dated April 10, 2006, Ex. V to Fleischmann
Dec.

[20]     *See* Petitioner's Application for Leave to Appeal to the Appellate
Division dated June 8, 2006 ("6/8/06 Leave App."), Ex. W to Fleischmann Dec.

[21]     *See* Certificate Denying Leave to Appeal dated August 2, 2006, Ex. Y
to Fleischmann Dec.

Appeals.[22]  The Court of Appeals denied Fayton's application on October 19,

2006.[23]

### 5.     Second Motion to Vacate Judgment and Evidentiary Hearing

On September 18, 2006, Fayton moved to renew his motion to vacate

judgment.[24]  On June 5, 2007, the trial court ordered an evidentiary hearing to

determine whether Fayton had consented to an adjournment from November 22,

2000 to February 28, 2001.[25]  During a two-day hearing, the court heard

conflicting testimony from Williams, Fayton's trial counsel, and former Assistant

District Attorney Courtenay Jackson-Chase, the prosecutor assigned to Fayton's

case.

On October 11, 2007, the court denied Fayton's motion, concluding

that the disputed adjournment had been on consent.[26]  In addition to finding

---

[22]     *See* Petitioner's Application for Leave to Appeal to the New York Court of Appeals dated October 10, 2006, Ex. Z to Fleischmann Dec.

[23]     *See* Certificate Denying Leave dated October 19, 2006, Ex. AA to Fleischmann Dec.

[24]     *See* Petitioner's Second Motion to Vacate Judgment, Ex. BB to Fleischmann Dec.

[25]     *See* Interim Decision and Order dated June 5, 2007, Ex. DD to Fleischmann Dec.

[26]     *See* Decision and Order dated October 11, 2007 ("10/11/07 Order"), Ex. EE to Fleischmann Dec. at 7.

Jackson-Chase's testimony "more credible,"[27] the court noted that the adjournment "was for the defendant's benefit"[28] which suggested that Fayton had consented.

## III.   LEGAL STANDARD

### A.   Section 2254

#### 1.   Standard of Review

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA provides that a federal court can grant a writ of habeas corpus to a state prisoner only if the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[29]  As explained by the Supreme Court, a state-court decision is "contrary to" clearly established federal law in the following instances:

> First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court

---

[27]   *Id.* at 6.

[28]   *Id.* at 7.

[29]   28 U.S.C. § 2254(d)(1).

8

precedent and arrives at a result opposite to ours.[30]

With regard to the "unreasonable application" prong, the Supreme Court has stated

that

> a state-court decision can involve an "unreasonable
> application" of this Court's clearly established precedent in
> two ways.    First, a state-court decision involves an
> unreasonable application of this Court's precedent if the
> state court identifies the correct governing legal rule from
> this Court's cases but unreasonably applies it to the facts of
> the particular state prisoner's case.  Second, a state-court
> decision also involves an unreasonable application of this
> Court's precedent if the state court either unreasonably
> extends a legal principle from our precedent to a new
> context where it should not apply or unreasonably refuses
> to extend that principle to a new context where it should
> apply.[31]

In order for a federal court to find a state court's application of

Supreme Court precedent to be unreasonable, the state court's decision must have

been more than incorrect or erroneous: "[t]he state court's application of clearly

established law must be objectively unreasonable."[32]  This standard "'falls

somewhere between merely erroneous and unreasonable to all reasonable

---

[30]     *Williams v. Taylor,*  529 U.S. 362, 405 (2000).

[31]     *Id.* at 407.

[32]     *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  *Accord Williams*, 529
U.S. at 409; *Harris v. Kuhlman*, 346 F.3d 330, 344 (2d Cir. 2003).

jurists."[33] While the test requires "'[s]ome increment of incorrectness beyond

error, . . . the increment need not be great; otherwise *habeas* relief would be

limited to state court decisions so far off the mark as to suggest judicial

incompetence.'"[34] Thus, "a federal habeas court may not issue the writ simply

because that court concludes in its independent judgment that the relevant state-

court decision applied clearly established federal law erroneously or incorrectly.

Rather, that application must also be unreasonable."[35]

## 2. Exhaustion Requirement

Section 2254 provides that a habeas petition by a state prisoner may

not be granted unless "the applicant has exhausted the remedies available in the

courts of the State."[36] In order to satisfy the exhaustion requirement, a prisoner

must have "'fairly presented to an appropriate state court the same federal

constitutional claim that he now urges upon the federal courts,'"[37] either in the

---

[33]     *Overton v. Newton*, 295 F.3d 270, 276 (2d Cir. 2002) (quoting *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000)).

[34]     *Jones,* 229 F.3d at 119 (quoting *Francis v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000) (quotation marks and citations omitted)).

[35]     *Williams*, 529 U.S. at 411.

[36]     28 U.S.C. § 2254(b)(1)(A).

[37]     *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) (quoting *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981)).

10

form of "explicit constitutional arguments" or simply by "alleging facts that fall

'well within the mainstream of constitutional litigation.'"[38]   In New York, a

prisoner may exhaust a claim not raised on appeal through collateral proceedings,

such as an application for a writ of error coram nobis.[39]   Whether on direct appeal

or in a collateral proceeding, the claim must be presented to "the highest state

court from which a decision can be had."[40]

    Prior to AEDPA, district courts were required to dismiss any petition

containing unexhausted claims.[41]   Under the AEDPA amendments, however,

district courts have the discretion to deny a petition on the merits "notwithstanding

the failure of the applicant to exhaust the remedies available in the courts of the

State."[42]  No standard has been established in the Second Circuit to guide district

courts in the exercise of this discretion, but many district courts have chosen to

---

[38] *Levine v. Commissioner of Corr. Servs.*, 44 F.3d 121, 124 (2d Cir. 1995) (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 192 (2d Cir. 1982) (en banc)).

[39] *See, e.g.*, *Figueroa v. Portuondo*, 96 F. Supp. 2d 256, 276 (S.D.N.Y. 1999) (citing *Klein*, 667 F.2d at 282; *Johnson v. Metz*, 609 F.2d 1052, 1055-56 (2d Cir. 1979)).

[40] *Daye*, 696 F.2d at 190 n.3.

[41] *See Rose v. Lundy*, 455 U.S. 509, 522 (1989).

[42] 28 U.S.C. § 2254(b)(2).

deny unexhausted claims that are "patently frivolous."[43] The Supreme Court has

noted that "plainly meritless" claims should be denied on the merits rather than

dismissed for failure to exhaust.[44] The Third, Fifth, and Ninth Circuits have held

that section 2254(b)(2) embodies the Supreme Court's pre-AEDPA holding in

*Granberry v. Greer* which states that a court may deny an unexhausted claim on

the merits if it is "perfectly clear that the applicant does not raise even a colorable

federal claim."[45]

## B. Ineffective Assistance of Counsel

The Sixth Amendment of the United States Constitution provides that

a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel

---

[43] *Naranjo v. Filion*, No. 02 Civ. 5549, 2003 WL 1900867, at *8 (S.D.N.Y. Apr. 16, 2003) (collecting cases).

[44] *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (noting that in light of section 2254's grant of discretion to deny unexhausted claims on the merits, the decision to stay a habeas petition to allow a petitioner to exhaust plainly meritless claims would be an abuse of discretion).

[45] 481 U.S. 129, 135 (1987). For cases adopting this standard, *see Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir. 2005); *Jones v. Morton*, 195 F.3d 153, 156 n.2 (3d Cir. 1999) ("[section] 2254(b)(2) is properly invoked only when 'it is perfectly clear that the applicant does not raise even a colorable federal claim'") (quoting *Lambert v. Blackwell*, 134 F.3d 506, 515 (3d Cir. 1997)); *Mercadel v. Cain*, 179 F.3d 271, 276 n.4 (5th Cir. 1999) ("[W]e cannot say that it is perfectly clear that the applicant does not raise even a colorable legal claim, and denial of relief under §2254(b)(2) is therefore inappropriate.").

12

for his defence."[46] Included in this guarantee is the right to effective assistance of counsel.[47] The Supreme Court established the standard for ineffective assistance of counsel in *Strickland v. Washington*.[48] A petitioner claiming ineffective assistance of counsel must prove both (1) that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[49] This standard "applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right."[50]

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular

---

[46]     U.S. Const. amend. VI.

[47]     *See McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (collecting cases).

[48]     466 U.S. 668 (1984).

[49]     *Id.* at 688, 694.

[50]     *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) (citing *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985)).

13

case."[51]  A defendant "must overcome the presumption that, under the

circumstances, the challenged action 'might be considered sound trial strategy.'"[52]

## IV.   DISCUSSION

### A.   Ineffective Assistance of Counsel

#### 1.   Trial Counsel

Fayton seeks habeas relief on the ground that he received ineffective

assistance of trial counsel.[53]  Although his petition does not specify the bases for

this claim,[54] Fayton's motion to vacate judgment alleged that trial counsel was

ineffective for: (1) failing to file a timely reply to the People's affirmation; (2)

failing to secure the presence of a defense witness; (3) failing to properly

investigate and present a defense; and (4) failing to object to a jury instruction on

presumption.[55]  Of these claims, however, Fayton sought leave to appeal only on

the ground that trial counsel had been ineffective for failing to file a timely reply

---

[51]     *Strickland*, 466 U.S. at 689, 690.

[52]     *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

[53]     *See* Petition ¶ 13.

[54]     Because Fayton is proceeding pro se, his petition will be "liberally construed in his favor."  *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

[55]     *See* Motion to Vacate Judgment.

14

to the People's affirmation.[56]   Accordingly, this is the only claim that satisfies the

exhaustion requirement.

Because his section 30.30 motion was ultimately denied on the

merits,[57] Fayton was not prejudiced by his counsel's failure to submit a timely

reply to the People's affirmation.  Because an ineffective assistance of counsel

claim requires a showing of prejudice, which is absent here, Fayton is not entitled

to habeas relief on this ground.

### 2.    Appellate Counsel

Fayton also asserts that he received ineffective assistance of appellate

counsel.[58]  Although Fayton's petition does not state the grounds for this claim,

Fayton's motion for a writ of error coram nobis alleged that appellate counsel was

ineffective for (1) submitting a poorly presented brief, and (2) failing to provide

the Appellate Division with a transcript of the relevant minutes.[59]

This claim also does not warrant habeas relief.  *First*, Fayton's claim

that his appellate brief was poorly presented is patently meritless.  Fayton's

---

[56]     *See* 6/8/06 Leave App. at 4.

[57]     *See* 10/11/07 Order at 7.

[58]     *See* Petition ¶ 13.

[59]     *See* Coram Nobis Opp. Aff. at 4-7.

petition does not allege any inadequacies in the brief that, even if considered collectively, would overcome the strong presumption that counsel performed effectively.  Rather, Fayton appears to offer only a conclusory allegation based solely on the unfavorable outcome of his appeal.  *Second*, even assuming that counsel's failure to submit the relevant minutes did not meet the standard of "reasonableness under prevailing professional norms,"[60]  Fayton would not be entitled to relief because he has not established prejudice.  When Fayton's section 30.30 motion was eventually heard on the merits by the trial court, it was denied.[61]  As a result, Fayton cannot demonstrate a "reasonable probability"[62] that the outcome of his appeal would have been different had counsel performed effectively.

### B.     Denial of an Allegedly Meritorious Section 30.30 Motion

Fayton also seeks habeas relief based on the trial court's denial of his section 30.30 motion.[63]  This claim does not entitle Fayton to relief, however, because section 30.30 "is merely a state law provision requiring the prosecution to

---

[60]     *Strickland*, 466 U.S. at 688.

[61]     *See* 10/11/07 Order at 7.

[62]     *Strickland*, 466 U.S. at 694.

[63]     *See* Petition ¶ 13.

be ready for trial."[64]  Although it relates to the commencement of criminal actions,

section 30.30 "is not . . . a statutory embodiment of the constitutional guarantee to

a speedy trial."[65]  Moreover, even if Fayton's claim is broadly construed as

asserting a violation of his Sixth Amendment right to a speedy trial, that claim is

unexhausted because Fayton failed to raise it before any state court, much less the

highest state court.[66]

## C.    Improper Jury Instruction

Fayton claims that the trial court erroneously charged the jury that

possession of a weapon "is presumptive of intent to use the same unlawfully

against another."[67]  Because Fayton failed to raise this claim on direct appeal,[68] the

claim is unexhausted and, therefore, unreviewable by this Court.  However, even if

the merits of this claim were considered, the claim would not succeed because the

---

[64]     *Cadilla v. Johnson*, 119 F. Supp. 2d 366, 374 (S.D.N.Y. 2000).

[65]     *Gibriano v. Attorney Gen.*, 965 F. Supp. 489, 492 (S.D.N.Y. 1996).

[66]     *See Cadilla*, 119 F. Supp. 2d at 374 n.7.

[67]     Petition ¶ 13.

[68]     In his motion to vacate judgment, Fayton argued that his trial counsel
was ineffective for failing to object to an improper jury instruction. *See* Motion to
Vacate, Ex. P to Fleischmann Dec., at 7.  Fayton has never raised an independent
claim based on improper jury instruction.  Further, Fayton sought leave to appeal
the court's denial of his ineffective assistance of counsel claim solely on the
ground that trial counsel had been ineffective for failing to file a timely reply to
the People's affirmation. *See* 6/8/06 Leave App., Ex. W to Fleischmann Dec., at 4.

17

Petition does not allege sufficient facts to entitle Fayton to relief.

## D.     Introduction of False Evidence at Trial

Fayton also asserts that he is entitled to relief because the prosecution introduced evidence at trial that was "knowingly false."[69]  Because Fayton did not raise this claim on appeal, and none of the arguments advanced on appeal were sufficient to put an appellate court on notice of this claim, it, too, is unexhausted. Regardless, this unexhausted claim can be denied on the merits.  As Fayton fails to specify either the alleged false evidence or the circumstances under which it was introduced, his Petition does not assert "a colorable federal claim."[70]

## E.     Prosecutorial Misconduct

Finally, Fayton claims that he is entitled to habeas relief because the prosecution interfered with a defense witness.  Although Fayton argued on appeal that the trial court abused its discretion by denying his request for an adjournment to locate a witness,[71] he did not allege that the prosecution had interfered with the witness.  Therefore this claim is unexhausted and cannot serve as a basis for relief. In any event, this unexhausted claim can be denied on the merits because none of

---

[69]     *See* Petition ¶ 13.

[70]     *Granberry*, 481 U.S. at 135.

[71]     *See* Petitioner's Appellate Brief at 30.

18

the facts set forth in Fayton's Petition rise to the level of a constitutional violation.

### F.     Certificate of Appealability

A district court may grant a certificate of appealability allowing a
habeas petitioner to appeal the denial of his petition with respect to any of
petitioner's claims only if petitioner makes a substantial showing of the denial of a
constitutional right.[72]  A substantial showing requires only that a petitioner
demonstrate that "reasonable jurists could debate whether . . . the petition should
have been resolved in a different manner or that the issues presented were
'adequate to deserve encouragement to proceed further.'"[73]  Because Fayton has
not made such a showing, I decline to issue a certificate of appealability.

### V.     CONCLUSION

For the foregoing reasons, Fayton's petition for a writ of habeas
corpus is denied.  The Clerk of the Court is directed to dismiss this Petition and
close this case.

---

[72]     *See* 28 U.S.C. § 2253(c)(2).  *See also Miller-El v. Cockrell*, 537 U.S.
322 (2003).

[73]     *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002) (quoting *Slack v.
McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks and citation omitted)).

19

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 9, 2009

**- Appearances -**

**Petitioner (Pro Se):**

Reginald Fayton
# 02-A-1656
Wallkill Correctional Facility
Route 280, Box G
Wallkill, New York 12589

**For the Respondent:**

Alyson J. Gill
Lisa Fleischmann
Assistant Attorneys General
120 Broadway
New York, New York 10271
(212) 416-8802